## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE JANE A. RESTANI

|  |  |  |
|---|---|---|
| SANDHYA AQUA EXPORTS PRIVATE LIMITED, | ) | |
| Plaintiff, | ) | |
| and | ) | |
| DEVI FISHERIES LIMITED | ) | |
| Consolidated Plaintiff, | ) | |
| v. | ) | Consol. Court No: 26-01706 |
| UNITED STATES, | ) | |
| Defendant, | ) | |
| and | ) | |
| AD HOC SHRIMP TRADE ACTION COMMITTEE and the AMERICAN SHRIMP PROCESSORS ASSOCIATION | ) | |
| Defendant-Intervenors. | ) | |

## CONSENT MOTION TO INTERVENE AS OF RIGHT

Pursuant to Rule 24(a) of the Rules of this Court the following eight proposed intervenors respectfully move for leave to intervene as a matter of right as Plaintiff-Intervenors in this consolidated action: Accelerated Freeze Drying Co. Ltd., Ananda Enterprises (India) Private Limited, Ananda Group,[1] Apex Frozen Foods Limited, Avanti Frozen Foods Private Limited, Falcon Marine Exports Limited, Nekkanti Sea Foods Limited, and Sagar Grandhi Exports (P) Ltd (collectively, "Proposed Plaintiff-Intervenors"). This appeal concerns the final results in the

---

[1] The Ananda Group is comprised of Ananda Foods, Ananda Aqua Exports Pvt Ltd, and Ananda Aqua Applications.

1

2023-2024 administrative review of *Certain Frozen Warmwater Shrimp From India*, Case No. A-533-840, issued by the United States Department of Commerce, International Trade Administration ("Commerce"). *See* 91 Fed. Reg. 5,717 (Dep't Commerce Feb. 9, 2026) ("*Final Results*"), and accompanying Issues and Decision Memorandum.

Each of the eight companies seeking to intervene in this appeal were subject to the 3.76 percent Review-Specific Rate for Companies Not Selected for Individual Examination. *See Final Results*, 91 Fed. Reg. at 5,718 and 5,719 (at Appendix II, listing all of the companies subject to the Review-Specific Average Rate). Commerce calculated this Review-Specific average rate based on the rates Commerce calculated for the two mandatory respondents, Devi Group ("Devi") and Sandhya Aqua Exports Private Limited ("Sandhya"). *Id*. at 5,718. Consistent with Rule 24(c)(2)'s requirement that proposed plaintiff-intervenors identify "the issues that the intervenor desires to litigate," and this court's ruling in *Gov't of Canada v. United States*, 686 F. Supp. 3d 1320 (Ct. Int'l Trade 2024), Proposed Plaintiff-Intervenors note that by intervening in this action they do not intend to expand the scope of the plaintiffs' claims, but may offer arguments in support of the plaintiffs' arguments, and otherwise seek to participate in this appeal solely to ensure that any recalculation of the plaintiffs' antidumping duty margins as a result of this appeal would flow through to the Review-Specific average rate applicable to Proposed Plaintiff-Intervenors.

Pursuant to Rules 24(c) and 7(b), counsel for Proposed Plaintiff-Intervenors has consulted with Brendan Jordan, counsel to Defendant, United States; Nathan Rickard, counsel to Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee ("AHSTAC"); and Nicholas Birch, counsel for Defendant-Intervenor, American Shrimp Processors Association ("ASPA"). On May 8, 2026, counsel for Defendant United States and Defendant-Intervenors AHSTAC and

ASPA consented to this motion to intervene.[2]

<h2 align="center"><u>STANDING OF THE APPLICANTS</u></h2>

Each of the Proposed Plaintiff-Intervenors has standing to intervene in this consolidated action as a matter of right under the statute governing appeals to this Court.  In a civil action under Section 516A of the Tariff Act of 1930, "an interested party who was a party to the proceedings in connection with which the matter arose may intervene . . . as a matter of right." 28 U.S.C. § 2631(j)(1)(B).  The Proposed Plaintiff-Intervenors are all producers and exporters of frozen warmwater shrimp from India that are subject to the *Final Results* and participated in the administrative review.  Each participated through one or more affirmative filings before Commerce, including a request for administrative review, respondent-selection comments, and/or a case brief.  The participation of each Proposed Plaintiff-Intervenor is summarized below:

| No. | Proposed Plaintiff-Intervenor | Administrative Review Participation |
|---|---|---|
| 1 | Accelerated Freeze Drying Co. Ltd. | Request for Administrative Review and Case Brief |
| 2 | Ananda Enterprises (India) Private Limited | Request for Administrative Review |
| 3 | Ananda Group | Request for Administrative Review, Rebuttal Respondent Selection Comments, and Case Brief |
| 4 | Apex Frozen Foods Limited | Rebuttal Respondent Selection Comments and Case Brief |
| 5 | Avanti Frozen Foods Private Limited | Request for Administrative Review, Rebuttal Respondent Selection Comments, and Case Brief |
| 6 | Falcon Marine Exports Limited | Rebuttal Respondent Selection Comments and Case Brief |
| 7 | Nekkanti Sea Foods Limited | Rebuttal Respondent Selection Comments and Case Brief |
| 8 | Sagar Grandhi Exports (P) Ltd | Rebuttal Respondent Selection Comments and Case Brief |

---

[2] Undersigned counsel appearing on behalf of Proposed Plaintiff-Intervenors also represent lead Plaintiffs, Sandhya and Devi.  To the extent Sandhya and Devi's positions are required to rule on this motion, undersigned counsel consents on Sandhya and Devi's behalf.

These filings satisfy Section 2631(j)(1)(B)'s requirement that each Proposed Plaintiff-Intervenor be an "interested party who was a party to the proceeding." As detailed above, each of the eight companies is a foreign manufacturer and exporter of the merchandise subject to the proceeding, and are therefore interested parties within the meaning of 19 U.S.C. § 1677(9)(A). Each company also participated in the proceeding sufficiently to qualify as a "party to the proceeding." Participation in the administrative process need not be extensive to meet the "interested party" standard. *RHI Refractories Liaoning Co. v. United States,* 35 CIT 130, 132, (citing *Laclede Steel Co. v. United States*, 92 F.3d 1206 (Table), 1996 WL 384010, at *2 (Fed. Cir. 1996)).

The Court has recognized that this requirement imposes a "low bar," and that a party may satisfy it by participating in the administrative proceeding in a manner that "reasonably convey{s}" its "separate status" and interests to Commerce. *Gov't of Canada*, 686 F. Supp. at 1327, 1335 (citing *Specialty Merch. Corp. v. United States*, 31 CIT 364, 365 (2007)); *see also Hor Liang Indus. Corp. v. United States*, 337 F. Supp. 3d 1310, 1318 (2018). A company may satisfy the "party to the proceeding" requirement even if Commerce did not select it for individual examination. *Id*. at 1328–1330 ("parties who file a request for administrative review, without filing an administrative case brief, meet the statutory requirements of 28 U.S.C. § 2631(j)(1)(B) and shall have standing to intervene as a matter of right in litigation before the CIT."). In particular, the Court explained that a request for review is sufficient participation because it invokes Commerce's administrative process, identifies the requester's separate interest in the proceeding, and places Commerce on notice that the requester's entries and rate may be affected by the final results. *Id*.

The Proposed Plaintiff-Intervenor here that requested administrative review alone is thus a party to the proceeding under *Gov't of Canada*.  The remaining Proposed Plaintiff-Intervenors likewise participated through substantive submissions to Commerce, including respondent-selection comments and/or case briefs.  Accordingly, each of the eight Proposed Plaintiff-Intervenors set forth above is an interested party as defined by 19 U.S.C §§ 1677(9)(A), 1516a(f)(3), and 28 U.S.C. § 2631(k)(1) that participated in the administrative proceeding in connection with the *Final Results* and may intervene as of right in this action under 19 U.S.C. § 1516a and 28 U.S.C. § 2631(j)(1)(B).  Accordingly, the Proposed Plaintiff-Intervenors may intervene as of right in this action.

## REQUEST FOR RELIEF

For the foregoing reasons, the Proposed Plaintiff-Intervenors respectfully request that this Court grant their motion for leave to intervene as of right as Plaintiff-Intervenors in the above-captioned consolidated action.

Respectfully submitted by:

/s/ Henry D. Almond
Henry D. Almond
J. David Park
Lynn Fischer Fox
Kang Woo Lee
Archana Rao P. Vasa
Sally Alghazali
Jennifer Farrin
*Counsel to Accelerated Freeze Drying Co. Ltd.,*
*Ananda Enterprises (India) Private Limited,*
*Ananda Group,*
*Apex Frozen Foods Limited,*
*Avanti Frozen Foods Private Limited,*
*Falcon Marine Exports Limited,*
*Nekkanti Sea Foods Limited, and*
*Sagar Grandhi Exports (P) Ltd,*
*Proposed Plaintiff-Intervenors*

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, D.C. 20001
Phone: (202) 942-5646
Fax: (202) 942-5999
E-mail: henry.almond@arnoldporter.com

**Date:  May 11, 2026**

6