**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JANE A. RESTANI**

| | |
|---|---|
| **SANDHYA AQUA EXPORTS PRIVATE LIMITED,**<br>**Plaintiff,**<br>**and**<br>**ACCELERATED FREEZE DRYING CO. LTD, ET AL.,**<br>**Plaintiff-Intervenors,**<br>**v.**<br>**UNITED STATES,**<br>**Defendant,**<br>**and**<br>**AD HOC SHRIMP TRADE ACTION COMMITTEE and the AMERICAN SHRIMP PROCESSORS ASSOCIATION**<br>**Defendant-Intervenors.** | **Court No: 26-01706** |

**RULE 56.2 MOTION FOR JUDGMENT UPON THE AGENCY RECORD OF PLAINTIFF-INTERVENORS**

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Plaintiff-Intervenors Accelerated Freeze Drying Co. Ltd., Ananda Enterprises (India) Private Limited, Ananda Group,[1] Apex Frozen Foods Limited, Avanti Frozen Foods Private Limited, Falcon Marine Exports Limited, Nekkanti Sea Foods Limited, and Sagar Grandhi Exports (P) Ltd, (collectively, "Plaintiff-Intervenors") hereby respectfully move for judgment upon the agency

[1] The Ananda Group is comprised of Ananda Foods, Ananda Aqua Exports Pvt Ltd, and Ananda Aqua Applications.

record on the issues presented by Plaintiff Sandhya Aqua Exports Private Limited ("Sandhya") in its Rule 56.2 Motion for Judgment on the Agency Record and accompanying Memorandum challenging the final results of the antidumping duty review on *Certain Frozen Warmwater Shrimp From India* conducted by the U.S. Department of Commerce ("Commerce"). *See Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 5,717 (Dep't Commerce Feb. 9, 2026) ("Final Results").

For the reasons set forth in Plaintiff-Intervenors and Sandhya's Memorandum in Support of its Rule 56.2 Motion for Judgment Upon the Agency Record, Commerce's Final Results are not supported by substantial evidence on the record or otherwise is not in accordance with law. Plaintiff-Intervenors respectfully move this Court to so hold, to declare the Final Results unlawful, to remand this case to Commerce for reconsideration and redetermination consistent with Sandhya's accompanying Memorandum of Law, and to grant such other relief as may be just and proper.

Plaintiff-Intervenors submit the attached Memorandum in support of this motion.

Respectfully submitted,

/s/ Henry D. Almond

Henry D. Almond
David J. Park
Lynn Fischer Fox
Kang Woo Lee
Archana Rao P. Vasa
Sally Alghazali
Jennifer "Ellie" Farrin

*Counsel to Plaintiff-Intervenors*

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
E-mail: Henry.Almond@arnoldporter.com

**Dated: August 26, 2026**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JANE A. RESTANI**

**SANDHYA AQUA EXPORTS PRIVATE LIMITED,**

**Plaintiff,**

**and**

**ACCELERATED FREEZE DRYING CO. LTD, ET AL.,**

**Plaintiff-Intervenors,**

**v.**

**UNITED STATES,**

**Defendant,**

**and**

**AD HOC SHRIMP TRADE ACTION COMMITTEE and the AMERICAN SHRIMP PROCESSORS ASSOCIATION**

**Defendant-Intervenors.**

**Court No: 26-01706**

# PLAINTIFF-INTERVENORS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT UPON THE AGENCY RECORD

**ARNOLD & PORTER KAYE SCHOLER LLP**
**601 Massachusetts Avenue, N.W.**
**Washington, D.C. 20001**
**Phone: (202) 942-5000**
**Fax: (202) 942-5999**

**Henry D. Almond**
**J. David Park**
**Lynn Fischer Fox**
**Kang Woo Lee**
**Archana Rao P. Vasa**
**Sally Alghazali**
**Jennifer "Ellie" Farrin**

***Counsel to Plaintiff-Intervenors***

**Dated: August 26, 2026**

# TABLE OF CONTENTS


I. STATEMENT PURSUANT TO RULE 56.2 ........ 1

A. Administrative Determination Under Review ........ 1

B. Issues Presented for Review ........ 2

C. Request for Court Order and Relief Sought ........ 2

II. STATEMENT OF FACTS ........ 2

III. ARGUMENT ........ 2

IV. CONCLUSION ........ 3

## I. STATEMENT PURSUANT TO RULE 56.2

On behalf of Plaintiff-Intervenors Accelerated Freeze Drying Co. Ltd., Ananda Enterprises (India) Private Limited, Ananda Group,[1] Apex Frozen Foods Limited, Avanti Frozen Foods Private Limited, Falcon Marine Exports Limited, Nekkanti Sea Foods Limited, and Sagar Grandhi Exports (P) Ltd, (collectively, "Plaintiff-Intervenors" or "Indian Producers"), we hereby submit this memorandum in support of the Rule 56.2 Motion for Judgment Upon the Agency Record filed by Sandhya Aqua Exports Private Limited ("Sandhya"). Plaintiff-Intervenors are Indian producers and exporters of subject frozen warmwater shrimp and were subject to the review-specific average rate calculated in the underlying administrative review. Plaintiff-Intervenors do not raise arguments independent of those raised by Sandhya and are participating in this appeal to ensure that any lower antidumping duty rate applicable to Sandhya as a result of this appeal also carries through to the review-specific average rate applicable to Plaintiff-Intervenors.

### A. Administrative Determination Under Review

This action arises from the final results of the nineteenth administrative review of the antidumping duty ("AD") order on certain frozen warmwater shrimp from India, issued by the International Trade Administration of the United States Department of Commerce ("Commerce"). *See Certain Frozen Warmwater Shrimp From India: Final Results of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 5,717 (Dep't Comm. Feb. 9, 2026) ("*Final Results*"), P.R. 240, and accompanying Issues and Decision Memorandum for the Final Results of the Antidumping Duty Administrative Review of Certain Frozen Warmwater Shrimp from India; 2023-2024, (Jan. 28, 2026) ("Final Decision Memo"), P.R. 233.

[1] The Ananda Group is comprised of Ananda Foods, Ananda Aqua Exports Pvt Ltd, and Ananda Aqua Applications.

### B. Issues Presented for Review

As noted above, Plaintiff-Intervenors do not raise distinct legal issues beyond those raised by Plaintiff Sandhya. We refer the Court's attention to the Rule 56.2 Motion and supporting brief submitted by Sandhya for a discussion of the issues subject to this appeal.

### C. Request for Court Order and Relief Sought

Consistent with Sandhya's Rule 56.2 Motion and the Rule 56.2 Motion submitted with this brief, in this appeal we request that the Court remand Commerce's *Final Results* for further consideration and revision consistent with the arguments presented by Sandhya, and that the Court ensure that any revision to Sandhya's antidumping duty margin is appropriately accounted for in the review-specific average rate applicable to Plaintiff-Intervenors.

## II. STATEMENT OF FACTS

Plaintiff-Intervenors also refer the Court's attention to the Statement of Facts included in Plaintiff Sandhya's Rule 56.2 brief. As relevant to Plaintiff-Intervenors, each of the eight Plaintiff-Intervenors was subject to the 3.76 percent Review-Specific Rate for Companies Not Selected for Individual Examination. *See Final Results*, 91 Fed. Reg. at 5,718 and 5,719 (at Appendix II, listing all of the companies subject to the Review-Specific Average Rate). Commerce calculated this Review-Specific average rate based on the rates Commerce calculated for the two mandatory respondents, Devi Group ("Devi") and Sandhya Aqua Exports Private Limited ("Sandhya"). *Id*. at 5,718.

## III. ARGUMENT

Commerce assigned Plaintiff-Intervenors an antidumping duty rate based on the rates calculated for mandatory respondents Devi and Sandhya. *Final Results*, 91 Fed. Reg. at 5,718. In its appeal, Sandhya has raised substantive legal and factual claims which may result in a reduction of the antidumping duty margin Commerce calculates for Sandhya. Plaintiff-

Intervenors join and support those arguments raised in Sandhya's Rule 56.2 Motion and brief. Because the rate applicable to Sandhya directly affects the average rate applicable to Plaintiff-Intervenors, to the extent this appeal results in the reduction of Sandhya's antidumping duty margin, such a reduction must also be accounted for in the review-specific average rate applicable to Plaintiff-Intervenors.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff-Intervenors request that this Court hold the contested elements of the *Final Results* to be unsupported by substantial evidence and otherwise not in accordance with law. We further request that this Court remand the agency's determination with instructions to Commerce to correct its errors, recalculate the review-specific average rate applicable to Plaintiff-Intervenors, and to provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Henry D. Almond

Henry D. Almond
David J. Park
Lynn Fischer Fox
Kang Woo Lee
Archana Rao P. Vasa
Sally Alghazali
Jennifer "Ellie" Farrin

*Counsel to Plaintiff-Intervenors*

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 942-5000
Fax: (202) 942-5999
E-mail: Henry.Almond@arnoldporter.com

**Dated: August 26, 2026**

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE JANE A. RESTANI**

**SANDHYA AQUA EXPORTS PRIVATE LIMITED,**

**Plaintiff,**

**and**

**ACCELERATED FREEZE DRYING CO. LTD, ET AL.,**

**Plaintiff-Intervenors,**

**v.**

**UNITED STATES,**

**Defendant,**

**and**

**AD HOC SHRIMP TRADE ACTION COMMITTEE and the AMERICAN SHRIMP PROCESSORS ASSOCIATION**

**Defendant-Intervenors.**

**Court No: 26-01706**

**CERTIFICATION OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)**

The undersigned hereby certifies that the attached Memorandum in Support of Plaintiff-Intervenors' Rule 56.2 Motion for Judgment Upon the Agency Record, filed on August 26, 2026, contains 725 words, exclusive of the table of contents, table of authorities, and counsel's signature block, according to the word count function of the word-processing system used to prepare this brief, and inclusive of the words in the embedded images, counted manually. The brief therefore complies with the maximum 14,000 word count limitation set forth in the Court's Chambers Procedures.

By: /s/ Henry D. Almond
HENRY D. ALMOND

**Dated: August 26, 2026**